ANGLO-SOUTH AMERICAN BANK, Limited. v. McCLEARY, WALLIN & CROUSE.

(Circuit Court of Appeals, Second Circuit. January 13, 1914.)

No. 112.

1. TRIAL (§ 168*)—PEREMPTORY INSTRUCTION—FORM.

A motion for a peremptory instruction at the end of the entire case should be to direct a verdict and not to dismiss the complaint.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 341, 376–380; Dec. Dig. § 168.*]

2. BROKERS (§ 94*)—LIABILITIES AS TO THIRD PERSONS—DELEGATION OF AUTHORITY—SALES.

Where a bank employed a general merchant to sell certain wool, and he employed a wool broker to make the sale, the court properly charged that if the bank either authorized or employed the broker, or, having ascertained that the merchant had employed him to sell the wool, acquiesced in his employment and ratified it, the bank would be liable for the broker's contract of sale.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 136; Dec. Dig. § 94.*]

3. APPEAL AND ERROR (§ 1052*)—EVIDENCE—DAMAGES.

Where, in an action for breach of a contract for the sale of wool made May 28, 1909, plaintiff only recovered 2 cents a pound and there was some testimony that such wool sold at 23 cents a pound at the time the wool should have been delivered, and no testimony to the contrary, defendant was not prejudiced by proof that plaintiffs paid 26 cents a pound for such wool in January, 1910.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

In Error to the District Court of the United States for the Southern District of New York.

Action by McCleary, Wallin & Crouse against the Anglo-South American Bank, Limited. Judgment for plaintiffs and defendant brings error. Affirmed.

Whitridge, Butler & Rice, of New York City (Edward J. McGuire and Edwin T. Rice, both of New York City, of counsel), for plaintiff in error.

Selden Bacon, of New York City, for defendants in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. McCleary, Wallin & Crouse brought this action against the Anglo-South American Bank to recover damages for its refusal to deliver certain bales of Mongolian wool under a contract of sale. The contract sued on was a sale note dated May 28, 1909,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

signed by one Kitching, a wool broker. The jury rendered a verdict in favor of the plaintiffs. The testimony shows that the bank had employed one Hamilton, a general commission broker, to get bids for the wool in question, who, with the knowledge of the bank, employed Kitching; he being a wool broker. The bank denied that it had ever authorized Kitching to sell, but Hamilton testified that, after certain negotiations with Kitching, which were brought to the attention of the bank, the manager of the bank had told him to go ahead and sell the wool, and that he accordingly authorized Kitching to do so.

[1] The defendant moved to dismiss the complaint at the end of the whole case and has taken an exception to Judge Holt's refusal to do so. Treating this motion as if it were (as it should have been) a motion to direct a verdict in favor of the defendant, we think that there was sufficient evidence to submit the case to the jury and that the motion was properly denied.

[2] The defendant also excepted to the court's answer to the following request:

"I ask the court to charge that the employment of Hamilton by the defendant did not give Hamilton any authority to delegate his powers, and that such an authority to delegate can only be shown by some statement, act or representation of the defendant.

"The Court: Yes, ordinarily, the general rule is a man employed as agent cannot without especial authority delegate his powers to another. But upon that question you may take into consideration, I think, the fact that Mr. Hamilton is not a wool broker. You must be satisfied by evidence that the bank either authorized the employment of Mr. Kitching as a broker, or, having ascertained that Mr. Hamilton had employed him for that purpose, acquiesced in his employment and ratified it. Of course, if the bank had employed Mr. Kitching as a wool broker and he had gone and employed another wool broker, there would be need of clear proof of authority to do it. But, the bank in this case having employed a general merchant, it is for you to say what weight should be given to that fact in passing upon the evidence in this case, which it is claimed showed either original authority in Hamilton to employ Kitching, or subsequent ratification of his employment."

The modification which the judge made was justified by the evidence and was a correct statement of the law.

[3] The price fixed for the wool in the sale note was 21 cents a pound, and the court admitted, over the defendant's objection and exception, testimony that the plaintiffs paid 26 cents a pound for such wool in January, 1910. This did not prejudice the defendant in any respect because the plaintiffs only asked, and the jury only allowed damages to the extent of two cents a pound. There was some testimony that such wool sold at 23 cents a pound at the time this lot should have been delivered and no testimony to the contrary.

The case was presented carefully and fairly to the jury, and, as we discover no reversible error, the judgment is affirmed.